IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ANTHONY S. WHITE #863584/F10219 | § | |
| | § | |
| V. | § | A-11-CA-814-SS |
| | § | |
| UNITED STATES OF AMERICA and | § | |
| VERNON STATE HOSPITAL | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE SAM SPARKS
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint (Document No. 1); Plaintiff's Motion for Court Order Evaluation by VA Hospital or Release to VA Hospital (Document No. 5); and Plaintiff's Petition for Dayroom and Dining Room Surveillance (Document No. 6). Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Spruce Unit of the Vernon State Hospital, now referred to as the North Texas State Hospital. A judicial district court of Hays County apparently found Plaintiff incompetent to stand trial and transferred Plaintiff to the North Texas State Hospital. Plaintiff accuses the United States of America of falsely sending him to the hospital for the competence program. In addition, Plaintiff

alleges the hospital allowed him to remain in an environment that aggravates his PTSD and antisocial behavior. Plaintiff complains the dining room and dayroom have no cameras for the protection of patients and fights happen in these areas. Plaintiff further complains the hospital is giving him medication he does not need and is lying to him to make it seem like he needs to be in the competence program. Plaintiff asserts the hospital has asked him to sign a form in order to obtain Plaintiff's military records. However, Plaintiff denies his military records are relevant to his competency. Plaintiff asserts he is not receiving the right treatment. He requests "to be removed from Vernon [S]tate [H]ospital and moved to a VA hospital, and more protection for patients from staff." Plaintiff indicates clients' rights need to be investigated for negligence.

## DISCUSSION AND ANALYSIS

A.  Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B.      Sovereign Immunity

Plaintiff's claims against the United States are barred by sovereign immunity. Civil rights suits against the United States without its consent are barred by sovereign immunity, Affiliated Prof'l Home Health Care Agency v. Shalala, 164 F.3d 282, 286 (5th Cir. 1999) (per curiam) (citation omitted), and the United States has not waived its sovereign immunity for Plaintiff's claims. See Brown v. United States, 653 F.2d 196, 199 (5th Cir. Unit A Aug. 1981). Accordingly, all claims against the United States of America should be dismissed

C.      Eleventh Amendment Immunity

Plaintiff's claims against the Vernon State Hospital are also barred. The Vernon State Hospital, now referred to as the North Texas State Hospital, is a division of the Texas Department of Mental Health and Mental Retardation. See TEX. HEALTH & SAFETY CODE § 532.001(b)(8). It is therefore a state agency for the purpose of Eleventh Amendment immunity. See Sessions v. Rusk State Hospital, 648 F.2d 1066, 1069 (5th Cir. 1981) (holding that Rusk State Hospital, exclusively controlled by the same Texas department, was a state agency for Eleventh Amendment purposes). Absent an express waiver, the Eleventh Amendment precludes suits in which a state agency is named as a defendant. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S. Ct. 900 (1984). There is no suggestion that Texas has waived its Eleventh Amendment immunity in this case.

There is a narrow exception to Eleventh Amendment immunity. See Ex Parte Young, 209 U.S. 123, 28 S. Ct. 441 714 (1908). It applies to suits that allege a violation of federal law that are "brought against individual persons in their official capacities as agents of the state, and the relief sought must be declaratory or injunctive in nature and prospective in effect." Aguilar v. Tex. Dep't

of Crim. Justice, 160 F.3d 1052, 1054 (5th Cir. 1998). The Ex Parte Young exception is inapplicable in this case because Plaintiff has not named any individuals in their official capacities as defendants.

RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed without prejudice as frivolous for want of jurisdiction and any pending motions be dismissed.

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders. See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the TDCJ - Office of the General Counsel and the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 11th day of October, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE